IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN A. MARTIN,

        Plaintiff,                   No. CIV S-10-2662 GEB KJM P

    vs.

MATTHEW CATE, et al.,          <u>ORDER AND</u>

        Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be

1

collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007)

(2007), and construe the complaint in the light most favorable to the plaintiff, see <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974).

Plaintiff alleges that during the trial of <u>Martin v. Viles</u>, Civ. No. S-04-756 LKK JFM P, defendants Gauthreaux, Matthews and Johnson committed perjury in retaliation for plaintiff's having filed that lawsuit, which also alleged retaliation. He alleges that this perjurious testimony violated his First Amendment right of access to the courts and due process and equal protection rights to a fair trial.

In <u>Briscoe v. LaHue</u>, 460 U.S. 325, 334 (1983), the Supreme Court held that witnesses are entitled to absolute immunity from suit stemming from their testimony. Relying on <u>Briscoe</u>, the Ninth Circuit rejected a plaintiff's attempts to circumvent immunity, noting that the doctrine "is based on a policy of protecting the judicial process. . . ." <u>Franklin v. Terr</u>, 201 F.3d 1098, 1101 (9th Cir. 2000). Plaintiff's attempt to classify his claim as one of retaliation does not render the doctrine of witness immunity unavailable.

Plaintiff also alleges that during the trial, he learned that 15 Cal. Code Regs. § 3335 mandates that an inmate who files a staff complaint be placed in administrative segregation. He argues that this policy, enforced by defendant Cate, the former director of CDCR, "allowed defendant J. Johnson to retaliate against plaintiff" for filing the 2002 grievance at the basis of <u>Martin v. Viles</u> and thus violates his First Amendment rights.

This claim is frivolous. The regulation plaintiff claims essentially requires staff to retaliate in fact does not do so; in relevant part it provides:

> When an inmate's presence in an institution's general inmate population presents an immediate threat to the safety of the inmate or others, endangers institution security or jeopardizes the integrity of an investigation of an alleged serious misconduct or criminal activity, the inmate shall be immediately removed from general population and be placed in administrative segregation.

15 Cal. Code Regs. § 3335. The regulation simply does not have the reach plaintiff ascribes to it.

Plaintiff alleges that when he filed a grievance about the alleged perjury and improper regulation, defendant Walker did not process the appeal, an act plaintiff claims violates his First and Fourteenth Amendment rights.  Retaliatory actions taken against a prisoner for exercising his First Amendment rights violate the constitution whether or not the underlying misconduct would establish a constitutional violation.  Rhodes v. Robinson, 408 F.3d 559, 567-68  (9th Cir.  2005) (footnote omitted).

> Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

Id.  A claim that a defendant rejected an inmate appeal "is itself not sufficient adverse action that would implicate the First Amendment." Smith v. Tallerico, 2009 WL 1748705 at *5 (E.D. Cal. 2009).

Finally, plaintiff claims that Sacramento County, the city of Folsom and the town of Represa enacted policies that were the moving force behind the retaliatory actions.  This claim lacks facial plausibility and is therefore frivolous.

Plaintiff will not be given leave to amend his complaint as amendment would be futile.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (docket no. 2)  is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

IT IS RECOMMENDED that this action be dismissed as frivolous.

/////

1    These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
3 one days after being served with these findings and recommendations, plaintiff may file written
4 objections with the court and serve a copy on all parties. Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that
6 failure to file objections within the specified time may waive the right to appeal the District
7 Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8 DATED: November 19, 2010.

_____
U.S. MAGISTRATE JUDGE

2

mart2662.57